**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**DAVID INNES,**

      **Plaintiff,**

**v.**                                                                                **Case No: 6:13-cv-1697-Orl-36GJK**

**GEICO GENERAL INSURANCE
COMPANY and DAVID RHODES,**

      **Defendants.**

_____

**ORDER**

This cause comes before the Court on the Report and Recommendation of Magistrate Judge Paul A. Zoss. Doc. 28. In the Report and Recommendation, Magistrate Judge Zoss recommends that the Court grant Plaintiff David Innes's Amended Motion for Remand (the "Motion") (Doc. 16). *Id.* Defendants filed an Objection to the Report and Recommendation, to which Plaintiff responded. *See* Docs. 31, 34.

Federal Rule of Civil Procedure 72(b)(2), in pertinent part, provides that "a party may serve and file specific written objections to . . . proposed findings and recommendations." Once a timely objection to the Report and Recommendation is made, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *Jeffrey S. v. State Board of Education of State of Georgia,* 896 F.2d 507, 512 (11th Cir. 1990). The district judge may accept, reject, or modify in whole or in part, the report and recommendation of the magistrate judge. Fed. R. Civ. P. 72(b)(3). The district judge may also receive further evidence or recommit the matter to the magistrate judge with further instructions. *Id.*

This is a professional negligence and bad faith action originally filed in state court against Defendants GEICO and David Rhodes. *See* Doc. 2. Defendant Rhodes is a GEICO staff attorney who GEICO assigned to represent Plaintiff (whose car is insured by GEICO) in a state court suit brought against him by a driver who suffered injuries after being involved in a car accident with Plaintiff. *See* Doc. 1, Doc. 1-1. GEICO removed the action to this Court on October 31, 2013 pursuant to 28 U.S.C. § 1446(a) based on diversity of citizenship jurisdiction. *See* Doc. 1. In his Amended Motion for Remand, Plaintiff asserts that complete diversity of citizenship does not exist as Plaintiff and Defendant Rhodes are both citizens of the State of Florida. Doc. 16 at 1-2. GEICO responds that Rhodes was fraudulently joined and, thus, cannot be included in the diversity of citizenship analysis and that there is complete diversity between the properly joined parties. Doc. 22 ¶ 6, 4.

In the Report and Recommendation, Magistrate Judge Zoss properly determined that GEICO did not fulfill its burden of proving that there was no possibility Plaintiff could establish a malpractice cause of action against Rhodes in order to support its contention that Rhodes was fraudulently joined. Doc. 28 at 5-7. The Court agrees with Magistrate Judge Zoss that Plaintiff's cause of action based on the Supplemental Judgment for attorneys' fees, entered on April 11, 2013, is not barred by the statute of limitations. *Id.* at 11. Despite GEICO's objection that Plaintiff "has failed to set forth a valid cause of action against Rhodes regarding the Supplemental Judgment" (*see* Doc. 31 at 3), after an independent review of this matter, including the Complaint, the Court agrees that Plaintiff's Complaint, "has adequately set forth a claim against Rhodes for damages arising out of the Supplement Judgment that is arguably not barred by the statute of limitations." *Id.* at 12. Accordingly, as Rhodes was not fraudulently joined, diversity jurisdiction does not exist

and this matter will be remanded to the state court. Therefore, the Report and Recommendation should be adopted, confirmed, and approved in all respects.

Accordingly, it is hereby **ORDERED** as follows:

1. The Report and Recommendation of the Magistrate Judge (Doc. 28) is adopted, confirmed, and approved in all respects and is made a part of this Order for all purposes, including appellate review.

2. Plaintiff David Innes' Amended Motion for Remand (Doc. 16) is **GRANTED**.

3. This case is **REMANDED** to the Circuit Court in the Ninth Judicial Circuit in and for Orange County, Florida.

4. The Clerk is directed to transmit a certified copy of this Order to the Clerk of the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida.

5. The Clerk of Court is directed to terminate any pending motions and deadlines and **CLOSE** this case.

**DONE** and **ORDERED** in Orlando, Florida on April 14, 2014.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties
Magistrate Judge Paul A. Zoss

3